United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

THOMAS MICHAEL COLT,

Plaintiff,

v.

JENNIFER SHAFFER, et al.,

Defendants.

Case No. 24-cv-07184-EKL

**ORDER SCREENING AMENDED COMPLAINT, DISMISSING CERTAIN CLAIMS, AND ORDERING SERVICE**

Plaintiff Thomas Michael Colt, a state prisoner proceeding *pro se*, filed the instant civil rights lawsuit alleging interference with his First Amendment right to access the courts when certain defendants altered the written transcript of his parole hearing and deleted the audio recording. On October 15, 2025, the Court dismissed Colt's amended complaint with leave to amend. *See* ECF No. 19. The second amended complaint (ECF No. 21) is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court DISMISSES certain claims as specified below and ORDERS SERVICE of the second amended complaint.

## I. LEGAL STANDARDS

### A. Standard of Review

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1)-(2). *Pro se*

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.      Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

### II.      PLAINTIFF'S ALLEGATIONS

Colt alleges in his second amended complaint that Defendants—all employees of the Board of Parole Hearings ("BPH")—violated his constitutional rights when they altered his parole hearing transcript and destroyed the audio recording of his hearing despite his request to obtain a

United States District Court
Northern District of California

2

copy.  ECF No. 21 at 2.

The factual allegations in the second amended complaint are substantially similar to those in his prior complaint and focus on BPH's parole denial and imposition of a 10-year bar to parole consideration.  ECF No. 21 at 7.  As relevant here, Colt alleges that Defendant Dianne Dobbs, a Commissioner during his 2019 parole hearing, falsely accused him of smirking during the hearing, denied his request to present evidence related to cocaine psychosis, expressed anger throughout the hearing, and denied Colt's parole in a biased decision.  *Id.* at 2-6.  Colt also asserts that he received an altered transcript of his parole hearing, and that Defendant Philip Thomas, a Legal Analyst at BPH, failed to preserve the original audio recording of the hearing despite Colt's repeated requests and petition for writ of mandate in state court, in which Colt sought a copy of the recording.  *Id.* at 3.

Colt argues that the transcript was modified in order to frustrate his ability to challenge the denial of his parole.  *See* ECF No. 21 at 10-11.  The alterations in the hearing transcript allegedly included Colt's response to Dobbs' comment that Colt was smirking as he explained why his parole was previously denied:

> INMATE COLT: I—I had a smirk on my face?  You're—is that a comment by the commissioner at the last hearing?
>
> PRESIDING COMMISSIONER DOBBS:  That's my comment, sir.
>
> INMATE COLT: Oh, I see.  I didn't understand.
>
> PRESIDING COMMISSIONER DOBBS:  You had a smirk on your face when you explained the denial reasons from the last Panel.  That's my observation.
>
> INMATE COLT:  Oh, oh.
>
> PRESIDING COMMISSIONER DOBBS:  So I'm —
>
> INMATE COLT:  Okay. Well, I—I was unaware that I was smirking.

*Id.* at 4.

Colt states that the "fabricated dialogue makes [Colt] (1) appear stupid or confused by Dobbs' 'smirk' remark, and (2) concede[s] the validity of that remark by claiming he was 'unaware' of the smirk."  ECF No. 21 at 4.  Further, Colt states that the fabricated testimony "was

'designed to (1) provide justification for Dobbs' outburst of anger, (2) eliminate the appearance of bias on the Panel, and . . . (3) provide evidentiary support for Dobbs' use of the 'smirk' as a reason to deny parole.'" *Id.* (ellipsis in original).  Colt describes the actual exchange between him and Dobbs as limited to the following:

> PRESIDING COMMISSIONER DOBBS:  All right.  Very good.  Alright, so since your last hearing—well, let me back up.  When you were explaining your denial reasons, you had a little smirk on your face.  I'm assuming that you didn't agree with the Panel's decision.
>
> INMATE COLT:  Did, uh—did anyone else see a smirk on my face?
>
> PRESIDING COMMISSIONER DOBBS:  Sir, direct your comments to me?

*Id.* at 3.

Other allegedly altered language in the transcript included an exchange during which Colt attempted to introduce two medical studies about cocaine psychosis and paranoid ideation into evidence during the hearing.  Specifically, Colt alleges that the words "medical studies" were replaced by the word "literature." *Id.* at 5.  He argues that the changes were made "to provide defendant Dobbs a plausible basis for discrediting [Colt's] 'paranoid ideation' testimony." *Id.* at 6.  Colt also alleges that based on his conversations with other prisoners, BPH has a pattern and practice of altering parole hearing transcripts.

In addition to Dobbs and Thomas, Colt also names as defendants Jennifer Shaffer, Executive Director for BPH; Keith Betchley, Deputy BPH Commissioner; and Does 1 through 10, who are unknown BPH employees.  ECF No. 21 at 2.  Colt asserts his claims against Defendants in their personal and official capacities.[1]  He seeks a variety of injunctive and monetary relief, including "a court order vacating [his] 2019 parole denial . . . and the scheduling of a new hearing

---

[1] To the extent Colt is asserting 42 U.S.C. § 1983 claims for monetary damages against defendants in their "official capacities," he does not state cognizable claims because state agencies and state officials acting in their official capacities are not "persons" against whom a civil rights claim for money damages may be asserted. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, all 42 U.S.C. § 1983 claims for money damages against defendants in their official capacities are DISMISSED WITHOUT LEAVE TO AMEND. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

United States District Court
Northern District of California

within six months."[2]  *Id.* at 19.

**III.    ANALYSIS**

The Court addresses Colt's claims below.

**A.    Access to the Courts**

Colt alleges that Defendants interfered with his First Amendment right to access the courts in violation of the First and Fourteenth Amendments.[3]  As part of his First Amendment claim, Colt references his allegations that the parole hearing transcript was purposefully altered in various ways, that he was not provided a verbatim copy of the transcript, and that the audio recording of the hearing was deleted.  *See* ECF No. 21 at 2-17.

As the Court explained in its prior order, Colt appears to allege that Defendants essentially engaged in a cover-up of evidence to render his state remedies ineffective.  *See Delew v. Wagner*, 143 F.3d 1219, 1222-23 (9th Cir. 1998).  "[I]f a party engages in actions that effectively cover-up evidence and this action renders a plaintiff's state court remedy ineffective, they have violated his right of access to the courts."  *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997); *see also Christopher v. Harbury*, 536 U.S. 403, 413-17 (2002) (holding that claims of cover-ups that cause "the loss of an opportunity to sue," as in *Swekel*, are cognizable claims for denial of access to the courts).  To adequately plead such a claim, the "plaintiff must identify a nonfrivolous, arguable underlying claim . . . [and] must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."  *Harbury*, 536 U.S. at 415.

---

[2] Throughout the second amended complaint, Colt makes factual allegations and arguments related to statements and actions taken at his parole hearing.  *See* ECF No. 21.  Although his allegations are relevant to his First Amendment claim, the Court once again notes that Colt must seek any relief related to the outcome of his parole hearing through habeas corpus.  *See* ECF No. 19 at 6 (citing *McQuillon v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002), *overruled on other grounds by, Swarthout v. Cooke*, 562 U.S. 216 (2011)).  The Court therefore will not address Colt's renewed request for a new parole hearing as relief in this matter.

[3] In articulating violations of his First Amendment right to access the courts, Colt cites to the Equal Protection Clause of the Fourteenth Amendment; however, he does not allege that he received disparate treatment as required to maintain an equal protection claim.  *See Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  The appropriate analysis of Colt's allegations is therefore under the First Amendment.

Here, Colt argues that Defendants' actions in altering the transcript and deleting the audio recording of his parole hearing prevented him from challenging the denial of his parole—and the imposition of a 10-year bar to reconsideration—on the basis that he was wrongfully prevented from presenting medical studies in support of his release, and that the BPH panel was biased and denied parole by relying on false evidence of a smirk. *See* ECF No. 21 at 7-8. While the Court questions whether Colt can show, beyond the pleading stage, either causation or prejudice from the alleged interference, liberally construed, Colt raises an arguable First Amendment claim based on his allegations that Doe Defendants' alterations to his transcript and Thomas's failure to preserve the audio recording of the hearing prevented him from challenging his parole denial and 10-year bar due to the BPH panel's alleged bias, refusal to allow him to submit certain evidence, and reliance on false statements regarding a smirk. *See In re Lawrence*, 44 Cal. 4th 1181, 1205 (Cal. 2008) ("the judiciary is empowered to review a decision by the [BPH] . . . to ensure that the decision reflects 'an individualized consideration of the specific criteria' and is not 'arbitrary and capricious.'"); *see also Delew,* 143 F.3d at 1222 (reversing district court's dismissal of claim alleging violations of plaintiff's access to the courts where complaint alleged defendants' cover-up rendered state court remedies ineffective and stated arguable claim). Colt therefore states a cognizable claim that Thomas and Doe Defendants violated his First Amendment right to access the courts.

Colt does not, however, allege that any defendants other than Doe Defendants and Thomas participated in the alleged alteration of the transcript or deletion of the audio recording. *See* ECF No. 21 at 9, 13. He therefore does not state a First Amendment claim against Dobbs, Shaffer, or Betchley, and the claims against them are DISMISSED. *See Lemire,* 726 F.3d at 1074. Because Colt has already twice amended his complaint and has yet to state a cognizable claim against these defendants, the Court concludes that any further opportunity for amendment would be futile, and the dismissal of claims against Dobbs, Shaffer, and Betchley is without leave to amend. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

In addition, although Colt states a cognizable claim against Doe Defendants for their

alleged role in altering his hearing transcript, the use of Doe defendants is generally disfavored by courts within the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, in order to afford Colt an opportunity to discover the identity of the Doe Defendants without further delaying resolution of this matter, the claims against all Doe Defendants are DISMISSED WITHOUT PREJUDICE to Colt naming these defendants in an amended complaint, within 120 days of this Order, once Colt learns their identity through discovery.[4] *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### B.  Declaratory Relief Act

Colt alleges claims under the Declaratory Relief Act; in support, he points to his allegation that Doe Defendants altered his and other prisoners' parole hearing transcripts.[5] *See* ECF No. 21 at 18. The Declaratory Judgment Act creates a remedy for litigants, not an independent cause of action. *See Ajetunmobi v. Clarion Mortg. Capital, Inc*, 595 Fed. App'x 680, 684 (9th Cir. 2014) ("Declaratory and injunctive relief are remedies, not causes of action."). Even if an independent claim was appropriate, it is not clear that Colt would be entitled to pursue one given the nature of his accompanying First Amendment claim. *See United States v. Schlenker*, 24 F.4th 1301, 1307-08 (9th Cir. 2022) (holding that "a would-be habeas petitioner" cannot use the Declaratory Judgment Act as "an alternative forum to carve out legal issues that [could be] embedded in an underlying habeas proceeding"); *Fitzpatrick v. Gates*, No. CV 00-4101-GAF, 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged

---

[4] Colt also alleges that Doe Defendants engaged in a pattern or practice of altering prisoners' parole hearing transcripts; however, as these defendants' identity is unknown at this time, the Court will defer consideration of this claim until they have been identified and named in an amended pleading.

[5] To the extent Colt may be attempting to pursue a claim on behalf of other prisoners, he is reminded that he cannot do so as a *pro se* prisoner. *See, e.g., Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in propria persona has no authority to represent anyone other than himself.").

United States District Court
Northern District of California

constitutional injury that has already occurred[,] declaratory relief generally is inappropriate"); *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005) (because claim for damages necessarily entailed determination regarding whether defendants' alleged conduct violated plaintiff's rights, plaintiff's separate request for declaratory relief was subsumed by damages action). Nevertheless, the Court will consider, when appropriate, whether declaratory relief is warranted pursuant to Colt's First Amendment claim.

## IV.    CONCLUSION

The Court orders as follows:

1.  Colt states a cognizable claim that Thomas violated his First Amendment right to access the courts;

2.  Although Colt states a cognizable claim that Doe Defendants violated his First Amendment right to access the courts, all claims against Doe Defendants are DISMISSED WITHOUT PREJUDICE to naming these defendants in an amended complaint, within 120 days, after he has an opportunity for discovery. If needed, Colt may request additional time to name these defendants in a motion for extension of time.

3.  The claims against Dobbs, Shaffer, Betchley, and all damages claims against Defendants in their official capacity are DISMISSED WITHOUT LEAVE TO AMEND.

4.  Defendant Thomas shall be served.

    a.  Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint (ECF No. 21), this order, a CDCR Report of E-Service Waiver form, and a summons.

    b.  No later than **45 days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether defendant will be waiving service of process

United States District Court
Northern District of California

United States District Court
Northern District of California

without the need for service by the United States Marshal Service ("USMS") or whether any defendant declined to waive service. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **21 days of service**, shall file with the Court a waiver of service of process for the defendant waiving service.

    c.    Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare, if Defendant has not waived service according to the CDCR Report of E-Service Waiver, a USM-285 Form. The Clerk shall then provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon Defendant if he has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

    d.    Additionally, the Clerk shall mail a copy of this order to Colt.

5.    In order to expedite the resolution of this case, the Court orders the following briefing schedule:

    e.    No later than **120 days** from the date of service, Defendant will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Colt.

    f.    At the time the dispositive motion is served, Defendant will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v.*

*Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

    g.  Colt's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendant no later than **28 days** from the date the motion was served upon him.  Colt must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  If Defendant files a dispositive motion claiming that Colt failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Colt should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

    h.  If Defendant wishes to file a reply brief, he shall do so no later than **14 days** after the opposition is served upon them.

    i.  The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

6.  All communications by Colt with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel.

7.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

8.  It is Colt's responsibility to prosecute this case.  Colt must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to

United States District Court
Northern District of California

10

prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:    June 16, 2026

Eumi K. Lee
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.